Filed 6/29/22  P. v. Bowen CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>CHRISTOPHER BOWEN,<br><br>Defendant and Appellant. | C094756<br><br>(Super. Ct. No. STK-CR-FE-2020-0007369) |

Appointed counsel for defendant Christopher Bowen has asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  Our review of the record has disclosed the omission of certain items from the minute order following sentencing, as well as the assessment of a fee that has become unenforceable under Penal Code section 1465.9, subdivision (b).[1]  We will direct the trial court to amend the minute order and vacate any

---

[1]  Subsequent undesignated statutory references are to the Penal Code.

1

remaining portions of the unenforceable fee.  Finding no other arguable errors favorable to defendant, we will affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

The People's complaint charged defendant with being a felon in possession of a firearm (§ 29800, subd. (a)(1); count 1), being a felon in possession of ammunition (§ 30305, subd. (a)(1); count 2), carrying a concealed firearm in a vehicle (§ 25400, subd. (a)(1); count 3), and carrying a loaded firearm in public (§ 25850, subd. (a); count 4).  The complaint further alleged as to all counts that defendant had previously suffered a serious felony conviction (§§ 667, subd. (d), 1170.12, subd. (b)), to wit, his conviction for robbery (§ 211) in 2007.

On November 9, 2020, defendant filed a motion to suppress (§ 1538.5) all evidence incident to the traffic stop, his detention, and warrantless search of his vehicle, which was heard contemporaneously with the preliminary hearing.  Testimony elicited at that hearing established that a witness called 911 and reported seeing a driver waiving and pointing a handgun at another driver.  That witness provided a description of the vehicle (including the license plate) and the driver, as well as the location of the incident.[2]  Based upon this report, officers located the vehicle (which defendant was driving), conducted a traffic stop, ordered defendant out of the car, and detained him in the back of their patrol car.  Defendant told one of the officers he was on parole, and another officer conducted a parole search of the vehicle, locating a loaded semiautomatic pistol under the driver's seat beneath a black beanie.  One of the officers arrested

---

[2]  The uses of this information were different for purposes of the preliminary hearing and the motion to suppress.  The trial court determined the information was reliable and trustworthy, and the court allowed the evidence to come in as to the suppression motion for the purposes of its effect on the investigating officer and her actions taken in response.

defendant and confirmed his parole status on the computer. Following a *Miranda*[3] advisement, defendant denied brandishing the gun or that the gun was his, instead asserting he had found it, but could not recall when or where he had done so. The trial court found sufficient probable cause to search the car based on the detailed, specific information provided to police (a description of both the car, including its license plate, and suspect who was reported to be waving a firearm in public) and the officers' duty to investigate that exigent circumstance. The court further found sufficient evidence to hold the matter over for trial, and the People filed a corresponding information.

On January 29, 2021, defendant filed a motion to dismiss (§ 995), renewing his request to suppress the evidence seized during the search of his car. At the May 14, 2021, hearing on the matter, the trial court denied defendant's request, finding the court's prior evidentiary rulings allowing in the challenged evidence for its effect of the hearer were correct, that the search was permissible by virtue of the specific and detailed information reported (including the exigency created by the possible brandishing of a firearm in public), as well as defendant's searchable parole status and the automobile exception to the warrant requirement.

Thereafter on August 30, 2021, defendant resolved this case by pleading guilty to count 1, admitting the prior serious felony allegation, and agreeing to a prison sentence of 32 months (16 months doubled to 32 for the prior strike).[4] In exchange, the remaining counts were dismissed. Defendant waived preparation of a presentence report, and the trial court sentenced him in accordance with the plea agreement and awarded him two days actual custody credit. Further, the court stayed the execution of the prison sentence. The trial court also imposed a $300 restitution fine (§ 1202.4), a 10 percent surcharge on

---

[3] *Miranda v. Arizona* (1966) 384 U.S. 436.

[4] The stipulated factual basis for defendant's plea was the preliminary hearing transcript.

that fine (§ 1202.4, former subd. (*l*)), a $300 stayed parole revocation restitution fine (§ 1202.45), a $40 court operations assessment fee (§ 1465.8), and a $30 conviction assessment fee (Gov. Code, § 70373).

Defendant timely appealed the denial of his motion to suppress evidence and did not request a certificate of probable cause.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days from the date the opening brief was filed, but to date, has not done so.

Having reviewed the record as required by *Wende*, we conclude we must vacate any portions of the 10 percent fee imposed pursuant to section 1202.4, former subdivision (*l*) in light of section 1465.9, subdivision (b), which directs that "On and after January 1, 2022 the balance of any court-imposed costs pursuant to Section . . . 1202.4, . . . as those sections read on December 31, 2021, shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." We also note the minute order does not list the fines and fees assessed at sentencing, as well as the custody credits awarded. We will direct the trial court to amend the minute order.

## DISPOSITION

Any portion of the ten percent fee assessed by the trial court under section 1202.4, former subdivision (*l*) that had not been paid as of January 1, 2022, is vacated pursuant to section 1456.9, subdivision (b). The trial court is directed to prepare an amended sentencing minute order listing the remaining fines and fees assessed, as well as the custody credits awarded. The court shall, if it has not already done so, prepare an abstract of judgment and forward a certified copy of that document to the Department of

Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.


                                        /s/
                                        HOCH, J.



We concur:



 /s/
MAURO, Acting P. J.



 /s/
RENNER, J.


5